## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) MOSES ISHAM and | ) | |
| 2) KAYCE ISHAM, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| 1) 3M COMPANY, doing business as | ) | Case No.   CIV-16-881-HE |
| CAPITAL SAFETY USA and/or DBI- | ) | |
| SALA, and/or DB INDUSTRIES, INC., a | ) | |
| foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** Moses and Kayce Isham ("Plaintiffs"), by and through their attorneys, Clark O. Brewster and Montgomery L. Lair of the law firm Brewster & De Angelis, P.L.L.C., and for their claims against Defendant 3M Company, doing business as Capital Safety USA and/or DBI-SALA, and/or DB Industries, Inc., a foreign corporation, state and allege as follows:

1.     This is an action sounding in negligence and manufacturer's strict product liability for injuries suffered by Plaintiffs.

2.     The amount in controversy herein exceeds Seventy-Five Thousand Dollars and No/100 ($75,000.00), exclusive of interest and costs.

3.     Plaintiffs are residents of LeFlore County, State of Oklahoma, and did so reside at all times material hereto. During the time of the event, Moses Isham, was an employee of Helmerich and Payne, Inc. and was performing duties in the course of his employment. Kayce Isham is Moses Isham's spouse.

4.    Defendant, 3M Company, d/b/a Capital Safety USA; and/or DBI-SALA; and/or DB Industries, Inc. (hereafter "Capital Safety"), is a foreign corporation organized under the laws of the State of Delaware with its principal place of business in St. Paul, Minnesota. At all times material hereto, Capital Safety was in the business of researching, designing, manufacturing, developing, marketing, selling and distributing fall protection safety devices, including the LAD-SAF Detachable Cable Sleeve which is the safety device that failed and is the subject of this lawsuit ("Subject Device"), both in Oklahoma and throughout the United States.

5.    Jurisdiction is invoked pursuant to 28 U.S.C. §1332 based on the diversity of citizenship amongst the parties.

6.    Venue is proper in this Court pursuant to 28 U.S.C. 1391.

## OPERATIVE FACTS

7.    Plaintiffs incorporate paragraphs 1 through 6 as though fully set forth herein.

8.    In November of 2015, Moses Isham, worked for Helmerich and Payne as a Floorman.

9.    On November 27, 2015, Mr. Isham was working at the oil and gas drilling site located in Blaine County, State of Oklahoma.

10.    At approximately 3:15 a.m. on November 27, Mr. Isham climbed the derrick mast in order to make a drilling pipe connection.

11.    The weather conditions at the time are reported to be dark with ice and freezing rain.

12.    Mr. Isham was using a fall protection system designed, manufactured and sold by Capital Safety. It is identified as the Lad-Saf Flexible Cable Sleeve.

2

13.     Upon reaching the top of the mast, Mr. Isham slipped and fell. Mr. Isham's Lad-Saf device failed to engage until approximately twenty (20) feet above the derrick rig floor.

14.     Upon engaging, the Lad-Saf device parted which pulled the brake linkage out of the device allowing Mr. Isham to fall to the derrick rig floor resulting in severe injuries.

### FIRST CLAIM FOR RELIEF
### (PERSONAL INJURIES – MANUFACTURER'S PRODUCTS LIABILITY – STRICT LIABILITY)

15.     Plaintiffs incorporate paragraphs 1 through 14 as though fully set forth herein.

16.     Capital Safety is in the business of researching, designing, manufacturing, developing, marketing, selling and distributing fall protection safety devices, including the Subject Device.

17.     The Subject Device entered the stream of commerce in an unreasonably and inherently defective condition and was at all times unsafe and inherently dangerous to human life. The defects of the Subject Device include, but are not limited to, the following:

   a)     The Subject Device does not provide "100% protection from free falls" as represented by Capital Safety;

   b)     The Subject Device does not provide fall protection in freezing and icing conditions;

   c)     The Subject Device, instruction manuals and marketing brochures do not give any warnings or precautions of the Subject Device's inability to provide fall protection in the case of freezing and icing conditions; and

   d)     The Subject Device failed to stop the fall of Mr. Isham as was intended in the design, manufacture and marketing of the Subject Device.

18.     When Capital Safety designed, manufactured and placed the Subject Device into the stream of commerce, it knew, or reasonably should have known, that the Subject Device was

defective, dangerous and unsafe. Further, Capital Safety knew, or reasonably should have known, that the Subject Device was imminently dangerous to human life and limb if and when used for the purposes for which it was designed, manufactured, marketed and sold.

19.     Mr. Isham was a foreseeable user of the Subject Device and was using the Subject Device as instructed or in a foreseeable manner.

20.     Mr. Isham's slip from the derrick mast is a foreseeable event and such occurrences are the very reason that Capital Safety designs, manufactures, markets and sells the Subject Device from which Capital Safety profits.

21.     Capital Safety failed to inform, notify or warn Mr. Isham of the defective and unsafe condition of the Subject Device. To the contrary, Capital Safety markets the Subject Device as providing "100% protection from free falls."

22.     At no time did Mr. Isham know or have reason to suspect that the Subject Device was dangerous or would fail to provide fall protection in the event Mr. Isham lost footing.

23.     As a direct and proximate result of the defective condition of the Subject Device, Mr. Isham fell from the top of the mast to the derrick floor. Plaintiffs have suffered damages in the form of mental and physical pain and suffering, medical expenses, loss of income and loss of companionship all in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00). Capital Safety is to be held strictly liable in tort for all damages. Plaintiffs further seek an award of punitive or exemplary damages against Capital Safety in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) for Capital Safety's conscious and reckless disregard for public safety and life threatening conduct.

### SECOND CLAIM FOR RELIEF
#### (PERSONAL INJURIES – NEGLIGENCE)

24.     Plaintiffs incorporate paragraphs 1 through 23 as though fully set forth herein.

4

25.    Capital Safety owed a duty of care to Plaintiffs and other foreseeable users of its products to design, manufacture, assemble, test, market, distribute and sell a product free of unreasonably dangerous defects. Capital Safety owed a further duty of care to Plaintiffs and other foreseeable users of its products to issue a warning regarding the possible dangers associated with its products, which duty is a continuing duty.

26.    Capital Safety breached its duties. The injuries and damages sustained in this case occurred as a direct and proximate result of Capital Safety's negligence, carelessness, recklessness and disregard of public safety. Capital Safety's conduct when viewed in totality and in consideration of its duties and compared with reasonably accepted standards must be characterized as unacceptably deficient, grossly negligent and calculated to threaten human life. The acts and omissions complained of herein include, but are not limited to, the following:

   a)    Capital Safety failed to adequately test the Subject Device, or substantially similar devices, to determine the deficiencies in performance when used in reasonably foreseeable circumstances;

   b)    Capital Safety failed to design, manufacture and sell fall protection equipment that would provide "100% protection from free falls;" and

   c)    Capital Safety failed to warn foreseeable users of its product that the Subject Device may not prevent "100%" of free falls in certain types of conditions.

27.    As a direct and proximate result of Capital Safety's negligence, Mr. Isham fell from the top of the mast to the derrick floor. Plaintiffs have suffered damages in the form of mental and physical pain and suffering, medical expenses, loss of income and loss of companionship all in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00). Capital

Safety is to be held strictly liable in tort for all damages. Plaintiffs further seek an award of punitive or exemplary damages against Capital Safety in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) for Capital Safety's conscious and reckless disregard for public safety and life threatening conduct.

### THIRD CLAIM FOR RELIEF
### (BREACH OF WARRANTY)

28.     Plaintiffs incorporate paragraphs 1 through 27 as though fully set forth herein.

29.     Capital Safety was aware that foreseeable users of the Subject Device, such as Mr. Isham, would rely on Capital Safety to provide reasonably safe products, thereby expressly and impliedly warranting that the Subject Device would be suitable and fit for its intended purpose.

30.     As a direct and proximate result of Capital Safety's breach of warranty, Mr. Isham fell from the top of the mast to the derrick floor. Plaintiffs have suffered damages in the form of mental and physical pain and suffering, medical expenses, loss of income and loss of companionship all in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00). Capital Safety is to be held strictly liable in tort for all damages. Plaintiffs further seek an award of punitive or exemplary damages against Capital Safety in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) for Capital Safety's conscious and reckless disregard for public safety and life threatening conduct.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant 3M Company, d/b/a Capital Safety USA; and/or DBI-SALA; and/or DB Industries, Inc. as follows:

A.     For judgment on their *First Claim for Relief* and for an award of compensatory and punitive damages in an amount in excess of Seventy-five Thousand Dollars and No/100

($75,000.00) and exemplary or punitive damages against Defendant 3M Company, d/b/a Capital Safety USA; and/or DBI-SALA; and/or DB Industries, Inc. in an amount in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) in order to deter Defendant from engaging in such reckless, grossly negligent and life threatening conduct in the future and to apprise the public at large that society does not condone such actions or omissions to act.

B.      For judgment on their *Second Claim for Relief* and for an award of compensatory and punitive damages in an amount in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) and exemplary or punitive damages against Defendant 3M Company, d/b/a Capital Safety USA; and/or DBI-SALA; and/or DB Industries, Inc. in an amount in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) in order to deter Defendant from engaging in such reckless, grossly negligent and life threatening conduct in the future and to apprise the public at large that society does not condone such actions or omissions to act.

C.      For judgment on their *Third Claim for Relief* and for an award of compensatory and punitive damages in an amount in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) and exemplary or punitive damages against Defendant 3M Company, d/b/a Capital Safety USA; and/or DBI-SALA; and/or DB Industries, Inc. in an amount in excess of Seventy-five Thousand Dollars and No/100 ($75,000.00) in order to deter Defendant from engaging in such reckless, grossly negligent and life threatening conduct in the future and to apprise the public at large that society does not condone such actions or omissions to act.

D.      For the fees and costs of this action, interest as provided by law and for such other and further relief that this Court deems just and proper.

Dated this 2nd day of August, 2016.

BREWSTER & DE ANGELIS, P.L.L.C.

By: _____
Clark O. Brewster, OBA #1114
Montgomery L. Lair, OBA #17546
2617 East 21st Street
Tulsa, OK 74114
(918) 742-2021
ATTORNEYS FOR PLAINTIFFS

ATTORNEY'S LIEN CLAIMED